NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3454
_____

SELMA JOPSEH and GEORGE JOSEPH

v.

SIEWDATH SOOKRAM

SELMA JOSEPH and GEORGE JOSEPH

v.

S&S SERVICES CORPORATION

Selma Joseph and George Joseph,
Appellants

_____

On Appeal from the District Court of the Virgin Islands
Appellate Division of St. Croix
(D.C. Civil Action No. 3-05-cv-00066)
District Judge:  Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011
_____

Before:  SCIRICA, RENDELL and AMBRO, Circuit Judges

(Opinion filed: April 19, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

George Joseph and his wife, Selma Joseph, sued Mr. Joseph's employer following an "on the job" welding accident. The jury returned a verdict in favor of the defendants. We conclude that the District Court did not err in affirming the Virgin Islands Superior Court's decision rejecting the Josephs' motion to reconsider.[1]

Because we write solely for the parties, we recite only those facts necessary for our decision. George Joseph was employed by S&S Services Corporation as a welder. In January 2001, he was severely injured when, while cutting steel drums with a torch, a spark ignited one of the drums causing an explosion. After learning that S&S would not provide him with worker's compensation benefits (because it had not paid necessary premiums), Joseph and his wife sued S&S and its President, Siewdath Sookram (collectively "S&S"), for damages in the Superior Court of the Virgin Islands. In June 2004, the jury returned a verdict in favor of S&S. The Josephs filed a motion to reconsider, which the Superior Court denied. The Josephs appealed to the District Court, which affirmed the Superior Court's order. This appeal followed.[2]

The Josephs make three arguments on appeal. First, they argue that the Superior Court erred by failing to submit Mr. Joseph's worker's compensation claim, "based on

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] We review the denial of a motion to reconsider for an abuse of discretion, unless it is based on the "interpretation and application of a legal precept," in which case our review is plenary. *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985).

absolute liability," to the jury.[3] They are incorrect. Under the Virgin Islands Worker's Compensation Act, an injured employee of an uninsured employer must elect between receiving compensation from the Worker's Compensation Administration (payment of which is billed to the employer) or bringing a common law suit against the employer. 24 V.I.C. § 261(b)(1). The Josephs elected to sue S&S for negligence and loss of consortium. Thus, they were not entitled to pursue a claim for worker's compensation benefits.

In making this argument, the Josephs also contend that the Trial Court ruled, and then reversed its decision, that it would apply an absolute liability standard (by which we assume they mean strict liability). They misunderstand the Court's ruling. During the pretrial conference, the Court ruled that S&S could not assert the common law defenses of contributory or comparative negligence and assumption of risk. It never determined that S&S would be held to a standard of absolute liability.[4]

Second, the Josephs argue that the Court erred by allowing argument and testimony that Mr. Joseph was responsible for his own safety and had cut the drum in an

_____

[3] Our review over this argument is plenary. *Felix de Asencio v. Tyson Foods, Inc.,* 500 F.3d 361, 366 (3d Cir. 2007).

[4] The Josephs also cite to 24 V.I.C. § 252(a), which provides that an employer "shall pay compensation" for injury that occurs in the scope of an employee's employment. They note that to avoid paying compensation under the statute the burden is on the employer to show that the injury was caused solely by the "willful misconduct" or "willful intention of the employee to injure . . . himself . . . ." However, section 252(a) only applies to insured employers, and thus is inapplicable here.

3

unsafe manner.[5]  They also contend that, although the Court instructed the jury that it could not consider testimony as evidence of contributory negligence by Mr. Joseph, it erred, *inter alia*, by failing to define "contributory negligence."  Together, the Josephs argue that these errors resulted in manifest injustice.

Again, we disagree.  After what they perceived as inappropriate questioning and argument implying Mr. Joseph was partially responsible for his injuries, the Josephs requested that the Court instruct the jury not to consider the evidence for the improper purpose of showing Mr. Joseph's negligence.  The Court agreed to do so in an "abundance of caution," and gave the following instruction:

> There was testimony in this case that Mr. George Joseph should have used a cold chisel and hammer instead of a welding torch to cut the oil drums.  You are not to consider that testimony as evidence of any contributory negligence on his part or a proximate cause of the injuries suffered by him.

In light of this curative instruction, the Court did not err by allowing testimony about Mr. Joseph's drum-cutting technique.  The testimony—that employees were instructed to use a cold chisel and hammer when cutting drums for S&S—was relevant to whether the Mr. Joseph was acting within the scope of his employment when he was injured.  The Court recognized that the jury might use this for the improper purpose of assigning negligence to Mr. Joseph, and gave an appropriate instruction.  The fact that the Court did not define "contributory negligence" was not error; the instruction made clear that the jury was not to assign any blame to Mr. Joseph for his injuries.

---

[5] We review a trial court's decision to admit evidence for an abuse of discretion.  *United States v. Johnson*, 199 F.3d 123, 125 (3d Cir. 1999).

4

Finally, the Josephs argue that the Court erred by denying their motion to insert the words "or another employee" into questions on the verdict form that asked whether Gerald Christian (undisputedly an employee of S&S) had provided Mr. Joseph with the drums and/or ordered him to alter them.[6]  For the third time, we disagree.  Because there was no additional evidence that an employee other than Christian had given instructions to Mr. Joseph, or was even present prior to or during the incident, the Court was well within its discretion to deny the Josephs' motion.

\* \* \* \* \*

For these reasons, we affirm.

---

[6] It seems they requested this change so that the questions would match Mr. Joseph's testimony that "Gerald Christian or another employee" had ordered Joseph to alter the drums.  As requested by the Josephs, the questions at issue would have read: "Do you find that Mr. Gerald Christian *or another employee* ordered plaintiff Mr. George Joseph to burn the fittings on eight drums?" and "If you find that Mr. Gerald Christian *or another employee* ordered . . . Mr. George Joseph to burn the fittings, was he negligent in doing so without first inspecting the drums and clearing them of combustible fumes?"  We also review the denial of such a motion for an abuse of discretion.  *Race Tires Amer., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 73 (3d Cir. 2010).